UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK McLAUGHLIN, SR.,

    Plaintiff,

v.                                  CASE No. 8:08-CV-2047-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

## I.

The plaintiff, who was forty-three years old at the time of the administrative hearing and who has a high school education (Tr. 311), has worked as an auto mechanic (Tr. 139). He filed a claim for Social Security

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

disability benefits, alleging that he became disabled due to low back problems, problems with his knee, and obesity (Tr. 135). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had a severe combination of impairments consisting of "degenerative changes in the lumbar spine with low back pain; history of knee pain with past arthroscopy; and obesity" (Tr. 22). He concluded that, due to these impairments, the plaintiff had the following residual functional capacity (Tr. 22-23):

> [T]he claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; that he can stand and/or walk for up to four hours and sit for up to six hours in a typical eight-hour workday; and that he needs the freedom to alternate sitting with standing at will. The claimant can occasionally push and pull with the right lower extremity, occasionally climb ramps and stairs (but never ladders, ropes or scaffolds), balance, stoop, kneel, crouch and crawl. He must avoid a concentrated exposure to temperature extremes and even a moderate exposure to hazards.

The law judge found that these restrictions prevented the plaintiff from returning to past work (Tr. 27). However, based upon the testimony of a

vocational expert, the law judge ruled that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as customer-service clerk, cashier II, ticket seller, and survey clerk (Tr. 28). Consequently, the plaintiff was found not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff asserts two challenges to the law judge's decision. Neither warrants reversal.

A. The plaintiff's first contention is styled as "[t]he ALJ erred by substituting his opinion for that of expert medical opinion" (Doc. 22, p. 6). Under that heading, the plaintiff contends that the law judge did not take into account the limitations set out by consulting physician Dr. Paul D. Maas in the determination of plaintiff's residual functional capacity (id., pp. 7-8).

After seeing the plaintiff once in September 2007, Dr. Maas, on an obesity residual functional capacity questionnaire form, indicated that the plaintiff was essentially incapacitated (Tr. 159-63). As the Commissioner correctly notes, Dr. Maas is not a treating medical source and his opinion is not entitled to controlling weight (Doc. 23, p. 9). McSwain v. Bowen, 814

F.2d 617, 619 (11th Cir. 1987). Moreover, the law judge recounted Dr. Maas's opinion at length (Tr. 25) and concluded that his opinion was entitled to little weight (Tr. 26). Thus, the law judge stated (id.):

> [T]he findings and limitations provided by this physician drastically stand apart from the evidence of record as already noted. Not only are they inconsistent with previous findings made by other treating or examining physicians but also with the absence of any medical evidence for the previous 18 months as well as the absence of future appointments for further care. Indeed it appears that one of the diagnoses, multiple herniated lumbar discs was provided on the basis of the claimant's allegations rather than new scan findings and that a number of functional limitations were based also on subjective statements by the claimant. Of interest also is the fact that the residual functional capacity questionnaire completed by this physician was faxed to him by the claimant's attorney's office on the day of the appointment, then faxed back to the attorney's office, along with the office-visit notes, that day and then mailed to the undersigned before the day ended. Little weight, therefore, is given to the diagnoses and related functional limitations provided by this physician.

These reasons adequately justify discounting Dr. Maas's opinions. See Ogranaja v. Commissioner of Social Security, 186 Fed. Appx. 848, 849-50 (11th Cir. 2006)(unpub. dec.). The plaintiff certainly has not

demonstrated that the evidence compels a finding that Dr. Maas's opinion was entitled to more than little weight.

Furthermore, there is evidence from a treating physician that is contrary to Dr. Maas's opinion. The plaintiff hurt his back at work in June 2003, and stopped working as a result in September 2005 (Tr. 311). The plaintiff was treated by Dr. M. Allam Reheem, a pain management specialist. As the law judge pointed out (Tr. 24), by the time the plaintiff stopped being treated by Dr. Reheem in February 2006, he had reached maximum medical improvement with a disability rating of 5% and had been released to light duty work (Tr. 204).

In support of Dr. Maas's opinion, the plaintiff points to the fact that, on the obesity form, Dr. Maas wrote "bilat. leg edema, venous stasis-legs" under "[i]dentify the clinical findings and objective signs" (Tr. 159). The plaintiff, however, has made no attempt to show that these conditions would justify the extreme limitations opined by Dr. Maas. They appear, rather, to relate to the plaintiff's ability to stand or walk (see id.). Significantly, the law judge restricted the plaintiff to work that was predominately sitting and had a sit/stand option (Tr. 22).

Furthermore, no other doctor reported edema or venous stasis. In fact, Dr. Nancy Lee Kopitnick noted on May 24, 2006, the plaintiff had no edema (Tr. 196). Thus, the evidence does not indicate that the plaintiff experienced these conditions of edema and venous stasis for at least twelve months. Under these circumstances, Dr. Maas's findings of edema and venous stasis do not compel the conclusion that the law judge was required to accept Dr. Maas's opinions.

In this regard, the plaintiff suggests that Dr. Maas should have been recontacted for further information (Doc. 22, p. 8). Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 202 Fed. Appx. 387 (11th Cir. 2006) (unpub. dec.); Johnson v. Barnhart, 138 Fed. Appx. 186 (11th Cir. 2005) (unpub. dec.). As the law judge's decision shows, he obviously did not think that the record was inadequate for him to make a ruling. What the plaintiff is really seeking is an opportunity to bolster the opinion of an examining doctor that has been found to be unpersuasive. The plaintiff is not entitled under Social Security law to such an opportunity.

The plaintiff also asserts that the law judge erred because he did not obtain another consultative exam or have a medical expert testify (Doc. 22, p. 8). Significantly, the plaintiff's attorney made no such requests either before, or at, the administrative hearing. Further, the Social Security Administration had already purchased two consultative examinations (one physical and one mental). The plaintiff has not shown any need for a third one. The plaintiff also has not demonstrated that there is medical evidence in the record that requires a medical expert to explain it at the hearing. Consequently, this assertion is merely a desperate and unsubstantiated attempt to resuscitate a failed claim.

B. The plaintiff argues, in addition, that the law judge erred in his determination of the plaintiff's ability to perform other work because, due to the plaintiff's size, he would need an accommodation at work of a special chair (id., pp. 8-9).

The law judge asked the vocational expert whether the claimant's size would have any vocational limitations on the jobs the expert identified (Tr. 320). The expert stated that the claimant "would probably need to be [sic] some special accommodation in terms of ... the type of

seating arrangement and then the claimant's size would impact on selection in hiring" (id.). The plaintiff reads more into the expert's answer than is warranted. The expert, who was present at the hearing, saw the plaintiff's size and opined that the plaintiff could perform several types of jobs. Under these circumstances, the law judge could reasonably conclude that the expert was saying that, despite the plaintiff's size, he could perform the jobs the expert had identified. The law judge, in other words, could reasonably think that, in the expert's view, the plaintiff's size would not meaningfully reduce the number of jobs of the types he had identified.

Furthermore, there does not appear to be anything particularly special about the seating accommodations the plaintiff would need. Thus, he would simply need a chair without arms. Such a chair was sufficient to accommodate the plaintiff at the administrative hearing (id.).

Moreover, after the expert had specified jobs that the plaintiff could perform, the plaintiff had the burden to prove that he was unable to perform those jobs. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). The plaintiff made no attempt to carry that burden. Thus, plaintiff's counsel asked the expert no questions regarding the need for seating accommodations

in an effort to show that the plaintiff could not perform the jobs identified by the expert. The apparent reason he did not is that he did not think that the plaintiff's need for a chair without arms would prevent him from performing the jobs identified by the expert.

>It is, therefore, upon consideration

>ORDERED:

>That the decision of the Commissioner is hereby AFFIRMED.

The Clerk shall enter judgment accordingly and CLOSE this case.

>DONE and ORDERED at Tampa, Florida, this 4th day of

December, 2009.

>/s/ Thomas G. Wilson
>THOMAS G. WILSON
>UNITED STATES MAGISTRATE JUDGE